IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **GEORGES ALULA** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No.: **PJM 11-288** |
| | * | |
| **VITAL KAMHERE** | * | |
| | * | |
| Defendant. | * | |

### MEMORANDUM OPINION

*Pro se* Plaintiff Georges Alula has sued Defendant Vital Kamhere, a Congolese politician, for copyright and trademark infringement. Alula alleges that Kamhere copied the name of the political party Kamhere purportedly co-founded in 2010, the "UNC" (Union Pour La Nation Congolaise), from Alula's book, "The Ignored Economic Genocide." Alula also alleges that Kamhere chose the name UNC to be confusingly similar to the political party Alula purportedly co-founded several years before, the "UNIC" (Unite Nationale Et Integrité Du Congo). More than a year after instituting this action, Alula still has not properly served Kamhere and has now filed a Motion to Amend Complaint [Paper No. 12]. For the reasons that follow, the Court **DISMISSES** this action **WITHOUT PREJUDICE**. Alula's Motion for Leave to File an Amended Complaint is deemed **MOOT**.

**I.**

Alula filed this case on February 2, 2011, seeking injunctive relief and ten million dollars in damages. His Complaint states that Kamhere resides in the Democratic Republic of the Congo. A few days after filing the Complaint, Alula submitted a letter to the Court in which he "provid[ed]" Kamhere's "address in the U.S." The address he provided was in fact that of purported UNC party member Tadi Robert Wantwadi: 121 Ivy Park Lane, Norcross, Georgia

30092. Wantwadi supposedly represents the party and Kamhere's interests in the United States as a Deputy Assistant Chief of Staff of the Office of UNC President.

Alula also filed a Motion for Leave to Proceed In Forma Pauperis [Paper No. 4], which the Court granted on February 15, 2011. The Court ordered Alula to complete a service of process form so that a United States Marshal could effect service of process on Kamhere in accordance with Fed. R. Civ. P. 4(c)(3). The order warned Alula that failure to complete the form in a "timely and complete manner" could result in the dismissal of the case and directed the U.S. Marshals to "effectuate service of process on Defendant at the address provided by Plaintiff."

On the form he returned to the Clerk of the Court, Alula specified that the U.S. Marshals should serve "Vital Kamhere c/o Mr. Tadi Robert Wantwadi, 121 Ivy Park Lane, Norcross, GA 30092." A U.S. Marshal duly mailed a copy of the Summons and Complaint by certified mail, return receipt requested, to that address. The Return of Service showed that "Clyde Wantwadi" received the Summons and Complaint on March 29, 2011. In the following months, Alula did not attempt to establish that Kamhere resided in the United States or that service on Wantwadi was proper under the Federal Rules. Upon review, the Court informed Alula that Kamhere did not appear to have been properly served and advised Alula to review Fed. R. Civ. P. 4. Alula never provided the U.S. Marshals with an updated service of process form or requested that service be made on Kamhere in the Democratic Republic of the Congo.

On January 26, 2012, the Court issued an Order directing Alula to show cause in writing within 30 days why his suit should not be dismissed for failure to effect service of process. Alula filed a response on March 2, 2012, arguing that service upon Wantwadi was valid as to

Kamhere because Wantwadi "represents" him in the United States. On that same day, Alula filed a Motion to Amend Complaint.

**II.**

Rule 4(f) governs service of process on non-resident defendants and provides several methods by which individuals may be served in a place not within any judicial district of the United States. FED. R. CIV. P. 4(f)(1)-(3). The usual 120-day time limit for service of process does not apply to service effectuated in a foreign country. FED. R. CIV. P. 4(m). Nonetheless, "the amount of time allowed for foreign service is not unlimited." *Nylock Corp. v. Fastener World, Inc.*, 396 F.3d 805, 807 (7th Cir. 2005) (citing *O'Rourke Bros., Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 952 (7th Cir. 2000)). Courts have established "that a plaintiff must still act diligently and effectuate service abroad within a reasonable time period." *A Love of Food I, LLC v. Maoz Vegetarian USA, Inc.*, No. AW-10-2352, 2011 WL 4102084, at *4 (D. Md. Sept. 13, 2011) (collecting cases).

**III.**

The Court finds that Alula has not properly serve Kamhere within a reasonable time period. Contrary to Alula's belief, service upon Wantwadi does not satisfy the requirements of Rule 4. Alula has not shown that Kahmere resided at 121 Ivy Park Lane, Norcross, GA 30092, or that he even lives in or visits the United States. Indeed, Alula concedes in his Complaint that Kamhere resides in the Democratic Republic of the Congo. Alula is therefore limited to effectuating service pursuant to Rule 4(f).[1]

Although Alula is entitled to the assistance of the U.S. Marshals given that he is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3), he still has a

---

[1] Of course, if Kamhere travels to the United States, and in particular to the State of Maryland, Alula could effect service by delivering a copy of the Summons and Complaint to him personally while he is here. *See* FED. R. CIV. P. 4(e).

responsibility to provide the Marshals with accurate information.[2] "At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). Undue delay is not excused where an *in forma pauperis* plaintiff is at fault for the failure to effect proper service. *Olsen v. Mapes*, 333 F.3d 1199, 1204-05 (10th Cir. 2003); *Young v. Quinlan*, 960 F.2d 351, 359 (3d Cir. 1992); *Fowler v. Jones*, 899 F.2d 1088, 1095 (11th Cir. 1990). In this case, after the U.S. Marshals sent the Summons and Complaint to Wantwadi per his instructions and after the Court informed him that proper service had not been completed, Alula never requested that Kamhere himself be personally served, where he might be found. Alula never consulted the Clerk or U.S. Marshals about effectuating service under Rule 4(f) and never provided them with an updated service process form indicating that Kamhere resides in the Democratic Republic of the Congo. At all times Alula was aware that Kamhere resided there when he filed his Complaint on February 2, 2011, and the Court expressly warned him that failure to complete the service of process form in a "timely and complete manner" could result in the dismissal of the case. The U.S. Marshals and the Clerk cannot in any way be blamed for the failure to properly serve Kamhere.

Alula has not acted diligently in attempting to effectuate service on Kamhere within a reasonable time period. Over 14 months have elapsed since he instituted this case, yet he is no closer to properly serving Kamhere today than he was over a year ago. Accordingly, the Court will **DISMISS** this action **WITHOUT PREJUDICE**. *Cf. A Love of Food I*, 2011 WL 4102084, at *7 (finding unreasonable delay warranting dismissal where plaintiff "did not make a single attempt to effectuate service abroad" within ten to eleven months of learning that defendants

---

[2] Alula has given no indication that he tried to research the applicable law for service of process in the Democratic Republic of the Congo, or that he contacted the authorities there to determine how to effect service. Nor has he requested that the Court order service of process in a manner that does not violate international agreements.

were citizens of Israel and resided there).  Having dismissed the case, the Court also finds that Alula's Motion to Amend Complaint is **MOOT**.

## IV.

Insofar as Alula may wish to file a new case and name Kamhere or other defendants in that action, he should first carefully determine whether a given defendant is amenable to suit in this Court.  A good place to start would be with a close reading of Fed. R. Civ. P. 4.

A separate Order will **ISSUE**.

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**April 23, 2012**